## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:20-CV-00722-RJC-DSC

| | | |
|---|---|---|
| THOMAS KIRK MEDLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| CITY OF MOUNT HOLLY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Partial Motion for Judgment on the Pleadings (document #7) and the parties' briefs.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

## PROCEDURAL AND FACTUAL BACKGROUND

Accepting the factual allegations of the Complaint as true, Plaintiff was employed as an accountant in Defendant City's Finance Department since 2018.  Doc. 1.  Shortly after he was hired, he told Africa Otis, a City employee and his supervisor, about his depression and anxiety disorder issues.  Plaintiff became the target of "her criticisms, written abuse, verbal abuse, and pressure," which increased his anxiety and worsened his mood.  Id.  On April 3, 2019, he "broke down" and threatened to kill himself.  Id.  He was placed on short-term disability leave on April 13.  The City's Human Resources Director left him a voicemail on July 19 to check on his work status.  His short-term disability leave was scheduled to end on July 23.  The City's Personnel

Policy provides that an employee is deemed to have submitted a voluntary resignation after two consecutive days of absence without communication. When Plaintiff failed to respond to the City's voicemail, he was terminated by letter dated July 29, 2019.

Plaintiff filed a Charge with the Equal Employment Opportunity Commission on October 2, 2019 alleging wrongful termination by the City. On the EEOC form, he checked the boxes labeled "retaliation" and "disability." Doc. 4, Ex. A. Plaintiff said his "disability had a flare-up" in 2019, and he requested medical leave. Id. The City terminated his employment due to "alleged job abandonment" as outlined by the Personnel Policy during his medical leave. Id. He attributed his termination to "retaliation to [his] use of medical leave." Id. Plaintiff did not mention "workplace harassment," nor did he mention Africa Otis. Id. He alleged the time frame of the discrimination was from April to July 24, 2019. On September 23, 2020, Plaintiff was issued a "Right to Sue" letter by the EEOC.

He filed his Complaint in this Court on December 23, 2020. Plaintiff alleges that the City violated the Americans with Disabilities Act of 1990 by terminating him. He also alleges "workplace harassment" by the City, and specifically by Africa Otis. Plaintiff alleged the time frame of the discrimination was from March 2018 to April 2, 2019.

On April 19, 2021, Defendant filed its Partial Motion for Judgment on the Pleadings seeking dismissal of the workplace harassment claim for failure to exhaust administrative remedies. The Motion has been fully briefed and is now ripe for review.

Plaintiff concedes that he did not raise "workplace harassment" in the EEOC Charge before the filing of this lawsuit. He attributes it to a misunderstanding where he believed "retaliation" was the "best fit for his perception of what happened." Doc. 10.

**DISCUSSION**

Pursuant to Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion is decided using the same standard as that applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Deutsche Bank Nat'l Trust Co. v. I.R.S., 361 Fed. App'x 527, 529 (4th Cir. 2010); Walker v. Kelly, 589 F.3d 127, 138 (4th Cir. 2009). This means that a plaintiff must show that he has made sufficient allegations in the complaint to support a cause of action against the defendant which is recognized by law.

The Complaint must contain factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads sufficient factual content to allow "the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels and

conclusions...." Twombly, 550 U.S. at 555.  Like plaintiffs who are represented by counsel, a *pro se* plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).  Conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

The ADA and Title VII require plaintiffs to "exhaust [their] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012).  The general purpose behind this requirement is to afford the employer sufficient notice of the alleged violations and avoid unnecessary litigation. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005).  In Fort Bend Cty., Texas v. Davies, 139 S. Ct. 1843, 1850-51 (2019), the Supreme Court held that failure to exhaust is grounds for dismissal pursuant to Rule 12(b)(6) rather than 12(b)(1). The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

The plaintiff "fails to exhaust his administrative remedies where … his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit."  Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005). "Claims that fall outside the scope of the EEOC Charge are procedurally barred." Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

Here, Plaintiff asserts a claim for workplace harassment.  But he did not raise the issue of workplace harassment in his EEOC Charge.  See Doc. 4, Ex. A.  He also failed to mention Africa

Otis in the EEOC Charge and cited different dates for the alleged discrimination. Id. Plaintiff failed to exhaust his administrative remedies when he alleged a different time frame, actor, and type of discriminatory conduct in his Complaint.

## RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's Partial Motion for Judgment on the Pleadings be granted.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendant and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**          Signed: May 26, 2021

David S. Cayer
United States Magistrate Judge