| | |
|---|---|
| THOMAS KIRK MEDLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF MOUNT HOLLY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**Order**

**THIS MATTER** comes before the Court on Defendant's Motion to Enforce Settlement and Dismiss Lawsuit (the "Motion"). (Doc. No. 18). For the reasons stated herein, the Motion is **GRANTED**.

## I. BACKGROUND

On December 23, 2020, Plaintiff filed this action alleging he was subject to wrongful termination and workplace harassment. (Doc. No. 1). After a partial judgment on the pleadings in favor of Defendant, the parties fully settled Plaintiff's claims and entered into a Settlement Agreement and Release of All Claims ("Settlement Agreement"). (Doc. Nos. 16, 17, 18-2). Pursuant to the Settlement Agreement, Defendant agreed to pay Plaintiff $40,000, in exchange for Plaintiff's full release and filing a Stipulation of Dismissal with Prejudice of this action. (Doc. No. 18-2).

Thereafter, Defendant's filed the Motion to Enforce Settlement and Dismiss Lawsuit, requesting the Court to enforce the Settlement Agreement, including dismissing this action with prejudice. According to the Motion, Defendant completed its obligations under the Settlement

Agreement, but Plaintiff failed to file a Stipulation of Dismissal, despite Defendant's requests. Defendant seeks enforcement of the Settlement Agreement, including dismissal of this action with prejudice. Plaintiff has not responded or otherwise opposed the Motion, and the time for doing so has expired.

## II. DISCUSSION

District courts have inherent authority to enforce settlement agreements. *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). To exercise this authority, a district court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Id.* at 540-41. When there is a dispute about the agreement's existence, terms, or authority to enter into the agreement then the district court must conduct a plenary evidentiary hearing to resolve the dispute. *Millner v. Norfolk & Western Railway Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981); *Topiwala v. Wessell*, 509 Fed. App'x 184, 187 (4th Cir. 2013). However, if "a settlement agreement exists and its terms and conditions can be determined, as long as the excuse for nonperformance is comparatively unsubstantial, the court may enforce the agreement summarily." *Topiwala*, 509 Fed. App'x at 187.

Here, there is a complete Settlement Agreement, signed by both parties, under which the Court is able to determine its terms and conditions. (Doc. No. 18-2). Pursuant to the Settlement Agreement's terms, in exchange for a $40,000 payment, Plaintiff was to provide a full release and dismiss this action. A Stipulation of Dismissal has not been filed. Plaintiff has not responded to the Motion, and has not raised any dispute regarding the Settlement Agreement nor offered any excuse for his nonperformance. Therefore, it is appropriate for the Court to enforce the Settlement Agreement.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Enforce Settlement and Dismiss Lawsuit (Doc. No. 18) is

   **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED with prejudice**.

3. The Clerk of Court is directed to close this case.


Signed: December 30, 2021


Robert J. Conrad, Jr.
United States District Judge